IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID P. BROOKS, aka**
**DAVID P. BROOKS-EL,**

      **Plaintiff,**

      v.                                                       CASE NO. 25-3055-JWL

**JENNIFER MYER, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On April 11, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until May 12, 2025, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court granted Plaintiff's motion for extension of time and extended the deadline to June 16, 2025. (Doc. 9.) Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations and the Court's screening standards are set forth in the Court's MOSC. Plaintiff's claims are based on his state criminal conviction and he seeks release from prison and money damages. (Doc. 1, at 5.)

The Court found in the MOSC that Plaintiff's claims challenging the validity of his sentence must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or

1

a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

The Court also found that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated. The Court ordered Plaintiff to show good cause why his claims should not be dismissed as barred by *Heck*.

The Court also found that any official capacity claims against the state officials for monetary damages are barred by sovereign immunity. Furthermore, state officers acting in their

official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The Court also found that Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity, and Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity.

The Court's MOSC required Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC. The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice." (Doc. 6, at 9.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.[1]

**IT IS SO ORDERED**.

**Dated June 23, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[1] A dismissal based on *Heck* is for failure to state a claim. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *see also Scott v. Ramirez*, 2023 WL 2196002, at *2 (10th Cir. 2023) (unpublished) ("Likewise, a dismissal under § 1915A(b)(2) based on a defendant's immunity can count as a strike if such a dismissal was subsumed in frivolousness or an appellant's failure to state a claim.") (citation omitted); *Rigsby v. Great State of Arkansas*, 2022 WL 782659, at *3 (10th Cir. 2022) (unpublished) (stating in case dismissed based on *Heck* and immunity that "district court's dismissal of this case on immunity grounds and for failure to state a claim constitutes a 'strike' under 28 U.S.C. § 1915(g).") .